**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

CIVIL ACTION NO. 21-32-DLB

CHRISTOPHER J. HAFNER                                                  PLAINTIFF

VS.                     **MEMORANDUM OPINION AND ORDER**

KAREN BAKER, et al.,                                              DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Christopher J. Hafner was formerly incarcerated at the Boyd County Detention Center ("BCDC"). In March 2021, while incarcerated, Hafner filed initial and supplemental *pro se* civil rights Complaints pursuant to 42 U.S.C. § 1983. (Doc. # 1, 7). The Court granted his motion to proceed *in forma pauperis* in a subsequent Order. (Doc. # 12).

Federal law requires the Court to review the Complaint prior to service of process and to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage of the case, the Court accepts all non-conclusory factual allegations in the Complaint as true and liberally construes its legal claims in the Plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his Complaint, Hafner indicates that he was arrested and booked into BCDC in October 2019. Hafner had a pre-existing medical condition (Hydrocephalus) which causes excess fluid to accumulate in his brain cavity. To address this condition, surgery

was performed in 1996 to install a permanent shunt in his skull.  The shunt drains the excess fluid from his brain into his stomach.  But after his 2019 conviction and incarceration, the shunt would periodically become clogged, causing Hafner to suffer significant pain and discomfort.  Hafner alleged that for nearly ten months medical staff at the jail ignored his repeated requests for medical treatment notwithstanding numerous demands for care and inmate grievances.  Ten months after Hafner began complaining about his shunt, in September 2020 he was taken to an outside hospital for brain surgery.  He indicates that a CT scan showed that his shunt was indeed broken in two places.

In October 2020, Hafner filed suit a civil rights complaint regarding these events in this Court.[1]  That case was dismissed one week later because Hafner had not named a viable defendant.  However, in its opinion the Court advised Hafner that he could file a new suit naming health care providers as defendants and making factual allegations about their conduct.  *Hafner v. Boyd Co. Det. Ctr.*, No. 0: 20-cv-119-GFVT (E.D. Ky. 2020).  Hafner did not file an amended complaint, seek reconsideration of that determination, or appeal.

Indeed, Hafner did not file this action until five months later.  His initial and supplemental Complaints recite the same essential facts as his prior complaint, reiterating that "for roughly 11 months I complained and complained about this, my shunt was not working properly.  For 11 months the staff [neglected] to help me [in] any way, shape or form ..."  Hafner specifies that this eleven-month period began on October 30, 2019 (the date his incarceration began) and continued until September 22, 2020 (the date of his

---

[1] Hafner signed his Complaint in that case in August 2020, but it was not received by the Court until two months later.  The United States Postal Service included a notice with the mailing indicating that the envelope had been torn or damaged and its contents were discovered loose. *See* (Doc. # 1-1 at 1 therein).

2

surgery). Hafner indicates that he began filing grievances as early as October 2019. He names several nurses and correctional officers as defendants, and asserts claims of "medical negligence" and "tampering with evidence." (Doc. # 1, 7).

The Court must address a procedural matter before reviewing the Complaint. Prisoners like Hafner are required to pay the entire filing fee. 28 U.S.C. § 1915(b)(1). The Court's Order granting Hafner pauper status therefore directed the Jailer of BCDC to collect periodic payments from his inmate account and remit them to the Court. *See* (Doc. # 12 at 2). However, shortly after that Order was entered, Boyd County Jailer William D. Hensley sent a letter to the Court stating that Hafner had passed away on April 9, 2021. (Doc. # 13). Since that date the Court has received no further correspondence from Hafner or from any other person or representative on his behalf.

The text of Section 1983 creates a cause of action that is personal to the party whose civil rights have been violated. And unlike a wrongful death claim, "[a] survival claim is predicated upon the decedent's claim for damages sustained during his lifetime." *Jaco v. Bloechle*, 739 F.2d 239, 242 (6th Cir. 1984). Whether a cause of action under Section 1983 survives the death of the plaintiff is a matter determined by state law. *Hall v. Wooten*, 506 F. 2d 564, 566-69 (6th Cir. 1974). Kentucky's survival statute provides, with certain exceptions not pertinent here, that:

> No right of action for personal injury ... shall cease or die with the person injuring or injured. For any other injury an action may be brought or revived by the personal representative, or against the personal representative, heir or devisee, in the same manner as causes of action founded on contract.

Ky. Rev. Stat. 411.140 (1952). Thus, generally claims under Section 1983 survive the Kentucky plaintiff's death and can be maintained by his legal representative. *See Roberts v. Girder*, 237 F.Supp.3d 548, 558-59 (E.D. Ky. 2017). Because Kentucky law establishes

3

that Hafner's constitutional claims for inadequate medical care survive his passing, the Court proceeds to its review of the Complaint.

As noted above, the Court liberally construes Hafner's legal claims because he drafted his Complaint without the assistance of counsel. *Davis*, 679 F.3d at 437-38. Hafner characterizes his claims as for "medical negligence," "tampering with evidence," and "medical malpractice." (Doc. # 1 at 4; Doc. # 7 at 4). Those terms describe claims arising under state, rather than federal, law. The Court would lack subject matter jurisdiction to entertain such claims under the federal question statute, 28 U.S.C. § 1331, because they do not arise under federal law. And because the defendants are not of completely diverse citizenship from Hafner, the case could not be maintained under the diversity statute, 28 U.S.C. § 1332. The Court, therefore, liberally construes his allegations as asserting a claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. That said, an Eighth Amendment claim for deliberate indifference cannot be predicated upon negligence, inadvertence, or good-faith error. *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012). It is questionable whether Hafner's allegations sufficiently allege the deliberate and willful conduct which is necessary to support an Eighth Amendment claim.

Nonetheless, the Court need not decide the matter because Hafner's constitutional claims must be dismissed with prejudice. Hafner did not file suit within the time permitted by the applicable statute of limitations, and his claims are therefore time-barred. A claim plainly barred by the applicable limitations period may be dismissed upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for

4

failure to state a claim."); *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate.") (*citing Haskell v. Washington Township*, 864 F. 2d 1266, 1273 (6th Cir. 1988); *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002)).

Hafner's claims accrued and the statute of limitations began to run in October 2019, when problems with his shunt began to occur and his requests for additional medical care went unheeded. In addition, Hafner began filing several inmate grievances regarding his shunt, all of which were promptly denied. By this time, Hafner's claims accrued because "[knew or had] reason to know of the injury which is the basis of his action." *Johnson v. Memphis Light Gas & Water Div.*, 777 F. 3d 838, 843 (6th Cir. 2015).

Because 42 U.S.C. § 1983 does not provide its own limitations period, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012). The pertinent events occurred in Kentucky; therefore, Kentucky's one-year statute of limitations for asserting personal injuries applies. Ky. Rev. Stat. § 413.140(1)(a); *Bonner v. Perry*, 564 F.3d 424, 431 (6th Cir. 2009). Hafner was therefore required to file suit by October 2020, but he did not file this action until March 2021. The suit having been filed outside the limitations period, the claims within it must be dismissed. And Hafner's filing of a prior action regarding his claims in this Court did not interrupt or toll the running of the limitations period. *Cf. Harris v. City of Canton, Ohio*, 725 F.2d 371, 376 (6th Cir. 1984) (noting the long-established rule that "dismissals without prejudice operate to leave the parties as if no action had ever been commenced.").

Accordingly, it is **ORDERED** as follows:

1. Plaintiff Christopher Hafner's initial and supplemental Complaints (Doc. # 1, 7) are **DISMISSED WITH PREJUDICE.**

2. This matter is **STRICKEN** from the Court's active docket.

3. An accompanying **Judgment** shall be entered contemporaneously herewith.

This 20th day of October, 2021.

Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\PSO Orders\0-21-32 Order Dismissing.docx